USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE RIVERA, Plaintiff, -against- FRANK BISIGNANO,[1] Defendant. | 1:19-cv-11745-MKV<br><br>ORDER DENYING MOTION FOR SANCTIONS & DIRECTING COMPLIANCE WITH PRIOR ORDER |

MARY KAY VYSKOCIL, United States District Judge:

The Court is in receipt of a motion by Plaintiff (also, the "Claimaint") seeking contempt sanctions for the alleged failure by Defendant (also, "Social Security Administration," "SSA," or the "Agency") to comply with a prior Order of this Court. [ECF No. 43] (the "Contempt Motion"). After Defendant had been granted two extensions of time, [ECF Nos. 46, 48], and directed to cease addressing communications to the Magistrate Judge, to whom this action had been assigned for the sole purpose of providing a Report & Recommendation concerning the underlying dispute, [ECF No. 48], Defendant filed a response. [ECF No. 49] (the "Response"). The Response is supported by a declaration and exhibits. [ECF Nos. 49-1, -2]. Plaintiff replied. [ECF No. 50] (the "Reply"). The Reply is supported by a declaration and exhibits. [ECF Nos. 50-1–3]. Defendant filed a sur-reply. [ECF No. 53] (the "Sur-Reply").

The Contempt Motion concerns Defendant's non-compliance with the Court's Order awarding Plaintiff's counsel fees under Title 42, United States Code, Section 406(b) in the amount of $22,131.00, with $8,200 in fees under the Equal Access to Justice Act ("EAJA") to be refunded to Plaintiff. [ECF No. 42] (the "Fees Order"). Instead, on February 24, 2023, Defendant released

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the full $22,131.00 directly to the Claimaint. [ECF No. 49-1] ¶¶ 12. Plaintiff's counsel has been able to obtain $8,000 from his client, but $5,931.00 is still owed. Contempt Motion ¶ 7. Accordingly, Plaintiff's counsel seeks payment of the outstanding amount in addition to sanctions.[2]

"A court may hold a party in contempt if the court determines that '(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.'" *1199 SEIU United Healthcare Workers East v. Alaris Health at Hamilton Park*, 809 F. App'x 44, 45 (2d Cir. 2020) (summary order) (quoting *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016)).

The Fees Order was clear and unambiguous in its contemplation of Defendant's "payment of [$22,131.00] to Counsel Fishman's office." Fees Order. And, as noted, Defendant admits that it did not make that payment to Plaintiff's counsel as directed.

It is also undisputed that Defendant has been less than fully communicative with Plaintiff's counsel since entry of the Fees Order. *See* Response at 6 ("Unfortunately, although the OGC staff attorneys acknowledged the initial inquiry, no further response was made by the OGC staff."). Nevertheless, Defendant argues that it has at least satisfied its obligation to diligently attempt compliance in a reasonable matter. *See id.* at 14 ("While [over 50] unanswered telephone queries are understandably frustrating, SSA had in fact communicated with counsel in writing on numerous occasions . . . .").

---

[2] At the outset, Plaintiff's counsel sought an order directing Defendant to "make a payment within 7 days consistent with [the Fees Order] and to pay a sanction to [Plaintiff's counsel] of $2,000.00." Contempt Motion at 3. Over the course of the briefing, Plaintiff's counsel clarified that, "while the sanctions motion was originally intended to force SSA to take some type of action and follow the [Fees Order], we now do want sanctions to be imposed as a message to SSA which has been incompetent while misrepresenting the facts and the law." Reply at 2–3. "Accordingly, SSA should be ordered to pay the remaining $5,931.00 still owed within one week and also sanctioned in the amount of $3,000.00 given its prior unacceptable conduct and its unduly litigious Response, which has required so much work from our small firm." Reply at 10.

Specifically, Defendant argues that, because Plaintiff's counsel "did not timely register with the agency for direct payment of fees . . . , the Commissioner was not authorized to directly pay him 406(b) fees." *Id.* at 10. Defendant recounts the post-Fees Order procedural history of this case as follows:

- **July 21, 2022**. Social Security Administration sent Plaintiff's counsel a notice indicating that it would "only be able to pay the court ordered fee if [he] register[ed] for direct payment within 30 days from the date of this letter" and directing the submission of "section 5 (page 5) of Form SSA-1696 (formerly SSA-1695)" along with "Form SSA-1699." *Id.* at 3.

- **July 25, 2022**. Social Security Administration "received" and "confirm[ed] receipt of the completed Form SSA-1699." *Id.* at 4.

- **September 15, 2022**. Social Security Administration notified Plaintiff's counsel "that it had not received from him the registration document for direct payment of 406(b) fees" and further indicated that, accordingly, "collection of the fee [was] a matter for [him] and the claimant to settle and [did] not involve the Social Security Administration." *Id.*

- **September 21, 2022**. Social Security Administration "received . . . a completed section 5 of Form SSA-1696." *Id.*

- **September 26, 2022**. Social Security Administration informed Plaintiff's counsel "that it had received" the Form SSA-1696, but not "within 30 days of [its] July 21, 2022 letter," and reiterated that "collection of the fee [was therefore] a matter for [Plaintiff's counsel] and the claimant to settle and [did] not involve the Social Security Administration." *Id.* at 4–5.

Approximately four months later, despite Defendant having concededly received everything for which it had asked,[3] "an agency claims technician provided instructions for the agency to release the withheld past-due benefit amount of $22,131.00 to the claimant, which was processed by a benefit authorizer" an additional month later. Response at 5.

---

[3] In its Sur-Reply, Defendant argues that, "while the agency may have been in possession of some of the necessary information . . . , the agency had not received signed verification from Plaintiff that he, had not only appointed counsel, but that, by applying his signature, was aware of the fee arrangement." Sur-Reply at 4 (citing POMS § GN 03913.001.C). This argument, which was raised for the first time in the Sur-Reply, was waived. *See Tacon v. Cromwell*, No. 23-CV-8100 (KMK), 2024 WL 4275625, at *17 (S.D.N.Y. Sept. 24, 2024) ("It is beyond cavil that arguments raised for the first time in a sur-reply are deemed waived." (citation modified, collecting cases)); *see also* Sur-Reply at 3 ("Counsel waived this argument by failing to assert it in his initial filing." (citation modified, collecting cases)).

Defendant argues that this course of action was justified by regulatory language that advises "representatives seeking direct fee payments" that they "must conduct business with SSA electronically and 'in the manner [it] prescribe[s].'" *Id.* at 9 (citing 20 C.F.R. §§ 404.1713, 404.1730, 404.1740(b)(4)). Citing various Programs Operations Manual System ("POMS") provisions—most of which appear to have been superseded since briefing closed, *see, e.g.*, POMS §§ GN 03920.017, 03913.001, and none of which "have . . . legal force" anyway, *Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999) (citation modified)—Defendant insists that it was entitled to enforce strict compliance with the requirements it communicated to Plaintiff's counsel.

Defendant may have its own payment methodology, but it was nonetheless required to comply with the Fees Order. In the Court's view, the timeline described above does not reflect a "diligent[] attempt[] to [do so] in a reasonable manner." *Alaris Health*, 809 F. App'x at 45 (2d Cir. 2020). Unlike in *Boylan v. Kijakazi*, No. 15-CV-6730-LTS, 2022 WL 17978894 (S.D.N.Y. Dec. 28, 2022), where plaintiff's counsel apparently refused to provide the purportedly required form altogether, Plaintiff's counsel here ***did*** provide the Form SSA-1696, albeit not on Defendant's preferred timeline.[4] Thereafter, Social Security Administration waited months before it elected to send the Claimant "a payment for $22,131.00," inaccurately stating that his "appointed representative(s) did not ask [it] to approve a fee." [ECF No. 50-3] at 3.

Out of respect for the principle that "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties," *New York v. F.E.R.C.*, 783 F. 3d 946, 956 (2d Cir. 2015) (quoting *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.,* 435 U.S. 519, 543–44

[4] The Court declines to resolve the dispute concerning Plaintiff's counsel's receipt of the July 21, 2022, notice. *See* Sur-Reply at 2 n.3 (observing that, "in support of counsel's claim that he did not receive the July 2022 Notice, the only evidence supplied is a single statement contained in the Declaration of Johanna Tutiven" (citation modified)).

(1978)), the Court will not make a finding of contempt or impose sanctions. The Court does, however, direct Defendant to facilitate payment of the $5,931.00 still outstanding under the Fees Order.[5]

Accordingly, the Contempt Motion is DENIED in part, and GRANTED in part, insofar as it seeks payment of the $5,931.00 still outstanding under the Fees Order. **The Clerk of Court is respectfully requested to terminate docket entry number 43**.

For the avoidance of doubt, this case has been **closed** for more than five years, and the Court **will not retain jurisdiction** to further oversee compliance with its prior Orders.

**SO ORDERED.**

**Date: November 20, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

[5] Thereafter, it appears that the Agency may avail itself of "the process of initiating an overpayment to recover attorney fees from a claimant" as allowed for by its POMS. Response at 14.